UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN TRAIL,<br><br>           Plaintiff,<br><br>    v.<br><br>ROBERT WILKIE, SECRETARY, (VHA),<br><br>           Defendant. | No.  2:20-cv-2498 JAM DB PS<br><br><br>ORDER |

      Plaintiff Robin Trail is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending before the court are plaintiff's complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (ECF Nos. 1 & 2.)  Therein, plaintiff complains about employment discrimination.

      The court is required to screen complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  Here, plaintiff's complaint is deficient.  Accordingly, for the reasons stated below, plaintiff's complaint will be dismissed with leave to amend.

////

////

1

**I.       Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

(9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II. Plaintiff's Complaint

Here, plaintiff's complaint fails to contain a short and plain statement of a claim. In this regard, it appears from the allegations found in the complaint that plaintiff is attempting to allege a claim or claims related to employment discrimination and/or harassment. The complaint specifically alleges that beginning in "December 2012 through December 2015," plaintiff endured "disparity." (Compl. (ECF No. 1 at 5.)

The complaint goes on to allege that plaintiff saw a "Co-Workers genitals." (Id.) That plaintiff's "complaint was met with nonchalance and treated as comedy[.]" (Id.) That plaintiff had to defend "against untruths, frivolous allegations, [and] harassment[.]" (Id.) And that plaintiff believes that "the scenario would've been far different" if plaintiff "were a Caucasian Woman[.]" (Id.) The complaint, however, fails to allege a cause of action or state factual allegations in support of a cause of action.

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557). A plaintiff

3

must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

The complaint does check several boxes to indicate types of employment discrimination at issue in this action. (Compl. (ECF No. 1) at 4.) Plaintiff is advised that "Title VII exists in large part 'to make persons whole for injuries suffered on account of unlawful employment discrimination.'" Clemens v. Centurylink Inc., 874 F.3d 1113, 1115 (9th Cir. 2017) (quoting Albemarle Paper Co. v. Moody, 422 U.S. 405, 418 (1975)). To this end, "Title VII forbids certain employers from 'discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" Campbell v. Hawaii Department of Education, 892 F.3d 1005, 1012 (9th Cir. 2018) (quoting 42 U.S.C. § 2000e-2(a)(1)).

To prevail on a disparate treatment claim of race or sex based discrimination, plaintiff "must first establish a prima facie case by showing that: (1) she belongs to a protected class, (2) she was qualified for the position in question, (3) she was subject to an adverse employment action, and (4) similarly situated individuals outside her protected class were treated more favorably." Campbell, 892 F.3d at 1012 (citing Chuang v. Univ. of Cal. Davis, 225 F.3d 1115, 1123 (9th Cir. 2000)); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973) ("The complainant in a Title VII trial must carry the initial burden under the statute of establishing a prima facie case of racial discrimination. This may be done by showing (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications."). "[W]hen a plaintiff is claiming race and sex bias, it is necessary to determine whether the employer discriminates on the basis of that combination of factors, not just whether it discriminates against people of the same race or of the same sex." Lam v. University of Hawai'i, 40 F.3d 1551, 1562 (9th Cir. 1994).

"A hostile work environment claim involves a workplace atmosphere so discriminatory and abusive that it unreasonably interferes with the job performance of those harassed." Brooks

1  v. City of San Mateo, 229 F.3d 917, 923 (9th Cir. 2000).  "A hostile work environment occurs
2  when an employee 1) 'was subjected to verbal or physical conduct of a sexual nature, 2) this
3  conduct was unwelcome, and 3) this conduct was sufficiently severe or pervasive to alter the
4  conditions of the victim's employment and create an abusive working environment.'" Fuller v.
5  Idaho Department of Corrections, 865 F.3d 1154, 1161 (9th Cir. 2017) (quoting Fuller v. City of
6  Oakland, 47 F.3d 1522, 1527 (9th Cir. 1995)).  "When evaluating a claim of sexual harassment
7  based on a hostile work environment, we must determine two things: whether the plaintiff has
8  established that she or he was subjected to a hostile work environment, and whether the employer
9  is liable for the harassment that caused the environment." Little v. Windermere Relocation, Inc.,
10  301 F.3d 958, 966 (9th Cir. 2002).

11  Title VII also prohibits retaliation by an employer "against an employee for making a
12  charge or otherwise participating in a Title VII proceeding." Nilsson v. City of Mesa, 503 F.3d
13  947, 953 (9th Cir. 2007).  Under § 704 of the Civil Rights Act of 1964, it is unlawful

> for an employer to discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice by [Title VII], or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII].

17  42 U.S.C. § 2000e–3 (2000).  To make out a prima facie case of retaliation under Title VII, a
18  plaintiff must allege facts demonstrating that "(1) she engaged in a protected activity, (2) she
19  suffered an adverse employment action, and (3) there was a causal link between her activity and
20  the employment decision." Stegall v. Citadel Broadcasting Co., 350 F.3d 1061, 1065-66 (9th Cir.
21  2003) (quoting Raad v. Fairbanks North Star Borough Sch. Dist., 323 F.3d 1185, 1196-97 (9th
22  Cir. 2003)); see also Strother v. Southern California Permanente Medical Group, 79 F.3d 859,
23  868 (9th Cir. 1996) (setting out same three elements for FEHA retaliation claim).

24  **III.   Leave to Amend**
25  For the reasons stated above plaintiff's complaint must be dismissed.  The undersigned
26  has carefully considered whether plaintiff may amend the complaint to state a claim upon which
27  relief can be granted and over which the court would have jurisdiction.  "Valid reasons for
28  denying leave to amend include undue delay, bad faith, prejudice, and futility." California

5

Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile. Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to file an amended complaint. Plaintiff is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file

must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The complaint filed December 17, 2020 (ECF No. 1) is dismissed with leave to amend.[1]

2. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[2] The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

3. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: April 1, 2021                         /s/ DEBORAH BARNES
                                             UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff need not file another application to proceed in forma pauperis at this time unless plaintiff's financial condition has improved since the last such application was submitted.

[2] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.